NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANTONIO FALCON, | No. 16-16177 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-02262-EPG |
| v. | |
| M. R. PHILLIPS, Correctional Lieutenant at KVSP, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Juan Antonio Falcon appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Falcon consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim arising from a disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Falcon's action because Falcon failed to allege facts implicating a liberty or property interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty or property interest arises under due process clause when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Falcon's contention that the district court improperly restricted his ability to plead his claim.

**AFFIRMED.**